IN THE UNITED STATES' DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

2004 NOV 23 P 1:55

CIVIL ACTION NO.

CHUKWUMA E. AZUBUKO -
Plaintiff

vs.

CATHERINE H. GALLAGHER CO-OPERATIVE
HOUSING C/O HALLKEEN MANAGEMENT CO. &

CITY OF BOSTON -
Defendants

COMPLAINT

04-838-D-M3

These would be the bases for the head:

### COUNT ONE:

Indeed, "what has been discussed can be re-discussed by mere nodding." [Proverb] The proceeding commencement needed not be a surprise to the first Defendant. In essence, the Plaintiff had painstakingly intimated it about his intention to commence the proceedings for violation of his civil rights, but it was trivialized or at best considered as the saliva from chewable tobacco by its Attorney – Paul Holtzman – of KROKIDA & BLUESTEIN. Certainly, exhaustion of administrative remedies needed not be exhausted prior to commencement of proceedings in that respect. The Plaintiff recoursed to it as a moral and not a legal duty. No sane wo/man spoke for anything! At that juncture, the Plaintiff would like to resoundingly establish the Court's jurisdiction over the case before the Defendants recoursed to Fed. R. Civ. P. 12 these and those. The Court's jurisdiction hinged on constitutional and statutory bases. [Article III Section 2; Fed. R. Civ. P. 4; 42 U.S.C. Sections 1982, 1983, 1985(3), 1994, 1437-1437g and 3601-3606] An excerpt associated with *In re: Charter Oil Company vs. Otis Cotton and Katherine Cotton*: Debtor Case No. 84-314-BK-J-GP read in part, thus:

"The national contacts doctrine provides that in federal question cases, the court has personal jurisdiction over defendants when there is a statutory provision for nationwide service of process and defendants have sufficient contacts with United States,

not the state in which the federal court sits. *Federal Trade Commission v. Jim Walter Corp.*, 651 F.2d 251, 256-57 (5th Cir. Unit A July 1981)."

## COUNT TWO:

The Plaintiff did apply for housing lottery associated with the first Defendant with lottery number as 1033. [Exhibit 1] The Plaintiff was disqualified or denied the opportunity of procuring one of the beautiful houses. [42 USC Section 1982] The reason adduced for denial was the Plaintiff's low income as a Substitute Teacher with The Boston's Public Schools for about 13-year. Taking into consideration the composition of the 14th Amendment, the denial based on "… income level" was unconstitutional and discriminatory. Equal Protection Clause was not *proportionate* in nature. The first Defendant should have taken the Plaintiff as the Plaintiff was income-wise. Equal Protection or Opportunities of the 14th Amendment meant taking one as one was met or provision of services to citizenry as if they were equally situated. Anything less than that represented discrimination and it had been illegal – *eggshell skull rule*. If it were the operational policy of the first Defendant as an agent of the second Defendant, on more scores than one, it was insidious, invidious and unlawful. [42 USC Section 1983]

## COUNT THREE:

Another legal issue was what fertilized ground for the Plaintiff's disqualification central to income level. Who was the Plaintiff's employer for thirteen years? The answer would be the second Defendant! Was the Plaintiff adequately educated to earn adequate income, which would have enabled him, qualify for the lottery? The answer would be in the affirmative. Annoyingly, the second Defendant's employee or agent induced the Plaintiff to procure master's degree in education, so as to get teaching employment with The Boston's Public Schools. The Plaintiff complied like a lamb and the employment [constructive] agreement or promise never came to fruition or was knowingly reneged. Therefore, should the second Defendant be responsible in contracts and torts for the Plaintiff's incapacitation or frustration to qualifying for the housing lottery owing to "… your income level?" The answer would be a resounding, YES!

## COUNT FOUR:

The ugly state of things besides lending itself to intentional tort or discrimination had bearings on "*but for*" doctrine. In essence, if the second Defendant had not

negligently discriminated against the Plaintiff employment-wise, the Plaintiff would have been able to qualify for the housing lottery, which the Plaintiff's "... income level" was unquestionably stated as the criterion for denial. [Exhibit 3] The Plaintiff had Master's Degree in Education (M.Ed.) with secondary schools' certification and 3.44 G.P.A. Sadly, the second Defendant appeared to be hearing the voice of John the Baptist not to employ the Plaintiff on educational qualification-related employment. The Plaintiff had other advanced degrees in law and business.

## COUNT FIVE:

Indeed, the second Defendant was enamored of employing the Plaintiff on mundane or less challenging and less income bases – substitute teaching. The Plaintiff scarcely made up to $13K on annual basis. Undoubtedly, based on annual income, the Plaintiff lost the housing lottery. That lent itself also to "conduct causing deprivation" and stipulation. Stipulation in the sense that if the second Defendant had adhered to fair play and substantial justice during employment, the Plaintiff would have earned higher income to qualify and the first Defendant would not have denied the Plaintiff's application. Succinctly, the denial was unlawful! [42 USC Section 1985(3); *Eascalera v. New York City Housing Authority*, C.A. 2 (N.Y.) 1970, 425 F.2d 853, certiorari denied 91 S.Ct. 54, 400 U.S. 853, 27 L.Ed.2d 91; *Weaver v. Haworth*, D.C. Okl. 1975, 410 F.Supp. 1032] Reiteratively, the denial represented violation of the law. [42 USC Sections 1981, 1982, 1983(3), 1986 and 1994]

## COUNT SIX:

It would be unintelligent to dissociate the Defendants conduct from *negligence*. Negligence, according to Harper, James and Gray – "The Law of Torts," Second Edition, Volume 3 Section 16.1 in keeping with Restatement of Torts defined negligence as:

"Conduct which fall below the standard established by law for protection of others against unreasonable risk of harm. State of mind of indifference or inadvertence mental qualities requirement(s) existence. Negligence resulted from ignorance, stupidity, bad judgment, timidity or forgetfulness. Negligence resulted from deficiencies in knowledge, memory, observation, imagination, foresight, intelligence, judgment, quickness of reaction, deliberation, coolness, determination and courage. Constitution of negligence must reflect "voluntary" conduct – conscious manifestation of the actor's will."

## COUNT SEVEN:

Given association of the Defendants' conduct with negligence, it would be judicious for any reasonable and prudent person to conclude that violation of "impact" rule prevailed. Certainly, the Court's incorporation of the matter in question appeared optional under "supplemental jurisdiction." With/out it, there existed sufficient rather adequate federal law for survival of the proceedings. However, it would be thus: "intentional infliction of emotional distress, negligent infliction of emotional distress also known as "zone of danger," negligent infliction of emotional distress: bystander recovery and negligent infliction of emotional distress: recovery without proof of physical harm."

The Plaintiff would demand compensatory and punitive damages from the Defendants for deprivation of Equal Protection and Equal Opportunity Clauses in the amount of $2m (as provided in the Massachusetts' General Law Chapter 258 Sections 1-10). As had been known, two instances would not be the same, all things being equal. More cost and interest would be excluded. The amount would compensate for factual expectation and cost of living adjustment (cola). Indeed, interest rate affected cost of houses these days. The Plaintiff was, indeed realistic about the compensatory amount. As someone who subscribed for inter-generational equity, the Plaintiff would like to bequeath something to his grand children just like any other reasonable person and they could reflect cross-section of the population of the United States – any ethnic group. "An owner of a cow is considered wealthy – with horns or hornless." [Proverb] In essence, the Plaintiff was not crying for the legal moon or angling for legal *tokenism* or preferential treatment, at all material times.

_____
CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
(617) 265 6291.


Dated in Boston, Massachusetts on Wednesday – October 27th – 2004.



- **TITLE 42--THE PUBLIC HEALTH AND WELFARE**
  - **CHAPTER 8--LOW-INCOME HOUSING**
    - **SUBCHAPTER I--GENERAL PROGRAM OF ASSISTED HOUSING**

- Sec. 1437. Declaration of policy and public housing agency organization.
- Sec. 1437a. Rental payments.
- Sec. 1437a-1. Repealed.
- Sec. 1437b. Loans and commitments to make loans for low-income housing projects.
- Sec. 1437c. Contributions for low-income housing projects.
- Sec. 1437c-1. Public housing agency plans.
- Sec. 1437d. Contract provisions and requirements; loans and annual contributions.
- Sec. 1437e. Designated housing for elderly and disabled families.
- Sec. 1437f. Low-income housing assistance.
- Sec. 1437g. Public housing Capital and Operating Funds.
- Sec. 1437h. Implementation of provisions by Secretary.
- Sec. 1437i. Obligations of public housing agencies; contestability; full faith and credit of United States pledged as security; tax exemption.
- Sec. 1437j. Labor standards and community service requirement.
- Sec. 1437j-1. Repealed.
- Sec. 1437k. Consortia, joint ventures, affiliates, and subsidiaries of public housing agencies.
- Sec. 1437l. Repealed.
- Sec. 1437m. Payment of non-Federal share.
- Sec. 1437n. Eligibility for assisted housing.
- Sec. 1437o. Repealed.
- Sec. 1437p. Demolition and disposition of public housing.
- Sec. 1437q. Financing limitations.
- Sec. 1437r. Public housing resident management.
- Sec. 1437s. Public housing homeownership and management opportunities.
- Sec. 1437t. Authority to convert public housing to vouchers.
- Sec. 1437u. Family Self-Sufficiency program.
- Sec. 1437v. Demolition, site revitalization, replacement housing, and tenant-based assistance grants for projects.
- Sec. 1437w. Transfer of management of certain housing to independent manager at request of residents.
- Sec. 1437x. Environmental reviews.
- Sec. 1437y. Provision of information to law enforcement and other agencies.

- Sec. 1437z. Exchange of information with law enforcement agencies.
- Sec. 1437z-1. Civil money penalties against section 1437f owners.
- Sec. 1437z-2. Public housing mortgages and security interests.
- Sec. 1437z-3. Pet ownership in public housing.
- Sec. 1437z-4. Resident homeownership programs.
- Sec. 1437z-5. Required conversion of distressed public housing to tenant-based assistance.
- Sec. 1437z-6. Services for public and Indian housing residents.
- Sec. 1437z-7. Mixed-finance public housing.

Questions or comments regarding this service? Contact the
**GPO Access** User Support Team by Internet e-mail at *gpoaccess@gpo.gov*;
by telephone at **1-202-512-1530** or **1-888-293-6498**; or by fax at **1-202-512-1262**.

(Last updated January 8, 2004)

# US CODE COLLECTION

Collection home

Search

Donate

**TITLE 42 > CHAPTER 45 > SUBCHAPTER I**
# SUBCHAPTER I—GENERALLY

*Release date: 2003-07-24*

- § 3601. Declaration of policy
- § 3602. Definitions
- § 3603. Effective dates of certain prohibitions
- § 3604. Discrimination in the sale or rental of housing and other prohibited practices
- § 3605. Discrimination in residential real estate-related transactions
- § 3606. Discrimination in the provision of brokerage services
- § 3607. Religious organization or private club exemption
- § 3608. Administration
- § 3608a. Collection of certain data
- § 3609. Education and conciliation; conferences and consultations; reports
- § 3610. Administrative enforcement; preliminary matters
- § 3611. Subpoenas; giving of evidence
- § 3612. Enforcement by Secretary
- § 3613. Enforcement by private persons
- § 3614. Enforcement by Attorney General
- § 3614-1. Incentives for self-testing and self-correction
- § 3614a. Rules to implement subchapter
- § 3615. Effect on State laws
- § 3616. Cooperation with State and local agencies administering fair housing laws; utilization of services and personnel; reimbursement; written agreements; publication in Federal Register
- § 3616a. Fair housing initiatives program
- § 3617. Interference, coercion, or intimidation
- § 3618. Authorization of appropriations
- § 3619. Separability

Search this title:

Search Title 42

Notes
Your comments

Credits                  About us                                    Send email

Catherine H. Gallagher Cooperative Housing
c/o HallKeen Management Co.
91 Minden St.
Jamaica Plain, MA 02130

6/12/2003

Chukwuma Azubuko
106F Minden Street
Boston, MA 02130

Dear Chukwuma

The lottery for Catherine Gallagher Co-Operative Housing was held on May 28, 2003.

Your lottery number is: 1033

We regret to inform you that you are not eligible for an apartment based upon the information you provided on your application. There are no appropiate- sized apartments for your income level.

You may appeal your ineligible status by notifying us in writing within (5) days of the date of this letter. If you request an appeal, we will review your application and give you an opportunity to clarify or correct the information that has disqualified you from this program.

If you believe you have been discriminated against in seeking housing, you should contact the Boston Fair Housing Commission, Tel. (617)635-4408, the Massachusetts Commission Against Discrimination, Tel. (617) 944-6000 and the U.S. Department of Housing and Urban Development., Tel.(617) 994-8300.

We thank you for your interest in housing at Catherine Gallagher Coop.

Sincerely,

HallKeen Management



AO 240 (1/94)

# United States District Court

MIDDLE DISTRICT OF LOUISIANA

CHUKWUMA E. AZUBUKO
Plaintiff

v.

CATHERINE H. GALLAGHER CO-OPERATIVE HOUSING
Defendant

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

CASE NUMBER: 04-838-D-M3

I, Chukwuma E. Azubuko declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant      ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC. §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?:    ☐ Yes    ☒ No    (If "No" go to Part 2)

    If "Yes" state the place of your incarceration _____

    Are you employed at the institution? _____ Do you receive any payment from the institution? _____

    Have the institution fill out the Certificate portion of this affidavit and attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed?    ☒ Yes    ☐ No

    a. If the answer is "Yes" state the amount of your take-home salary or wages and pay period and give the name and address of your employer. The amount fluctuated as a substitute teacher. About 12-13K P.a. The Boston Public Schools, 26 Court Street, Boston, MA 02108

    b. If the answer is "No" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have your received any money from any of the following sources?

    a. Business, profession or other self-employment    ☒ Yes    ☐ No
    b. Rent payments, interest or dividends              ☐ Yes    ☐ No
    c. Pensions, annuities or life insurance payments    ☐ Yes    ☐ No
    d. Disability or workers compensation payments       ☐ Yes    ☐ No
    e. Gifts or inheritances                             ☐ Yes    ☐ No
    f. Any other sources                                 ☐ Yes    ☐ No

    If the answer to any of the above is "Yes" describe each source of money and state the amount received **and** what you expect you will continue to receive. About 81K from self-employed minivan transportation service.

JS 44
(Rev. 11/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AZUBUKO, CHUKWUMA E.

**DEFENDANTS**
CATHERINE H. GALLAGHER, ET AL.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
CHUKWUMA E. AZUBUKO
P.O. BOX 1351, 02117-1351
BOSTON — MA
(617) 265-6291

ATTORNEYS (IF KNOWN)
UNKNOWN

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 830 Patent | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | Habeas Corpus: | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | |
| | | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | |
| | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

The case has bearings on 42 USC Sections 1981, 1982, 1983, 1985(3), 3604-3605, etc.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 2M

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 10/27/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

05 JAN -5 PM 2: 22

SIGN_____
by DEPUTY CLERK

CHUKWUMA E. AZUBUKO

VERSUS

CATHERINE H. GALLAGHER COOPERATIVE
HOUSING, ET AL

CIVIL ACTION

NUMBER 04-838-D-3

ORDER

MAGISTRATE JUDGE

Pro se plaintiff Chukwuma E. Azubuko, Boston, Massachusetts, filed this action pursuant to 42 U.S.C. § 1983 against Catherine H. Gallagher Cooperative Housing, HallKeen Managment Co., and the City of Boston. Plaintiff alleged that his constitutional rights were violated when the defendants did not award him a housing unit.

Since the incidents and actions complained of occurred in the United States District Court for the District of Massachusetts and the defendants reside in the United States District Court for the District of Massachusetts, venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391. Therefore;

IT IS ORDERED that the matter is hereby TRANSFERRED to the United States District Court for the District of Massachusetts. IT IS FURTHER ORDERED that the determination of pauper status is deferred to the United States District Court for the District of Massachusetts after transfer of this matter to that court.

Baton Rouge, Louisiana, January ___5___, 2005.

DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

Date Docketed: JAN 5 2005
Notices Mailed To:

INITIALS | DOCKET#
--- | ---
 | 3

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA
### OFFICE OF THE CLERK

Lawrence Talamo  
Clerk of Court

Telephone: 225-389-3500  
Facsimile: 225-389-3501

January 5, 2005

05 · 10068 RWZ

Clerk, United States District Court  
District of Massachusetts  
1 Courthouse Way, Suite 2300  
Boston, Massachusetts 02210

Re: MDLA Civil Action 04-838-D-M3 Azubuko vs. Catherine Gallagher, et al

Dear Clerk:

Pursuant to the order transferring the above captioned case to your Court, transmitted herewith are:

| X | Certified copy of docket entries |
| X | Certified copy of transferral order |
| X | Original case file documents  — record document # _____ |

Please acknowledge receipt of the above documents on the copy of this letter.

Very truly yours,

Lawrence Talamo, Clerk

By: _____  
Deputy Clerk

CLOSED, PROSE

# U.S. District Court
## Southern District of Indiana (Indianapolis)
### CIVIL DOCKET FOR CASE #: 1:04-cv-02099-DFH-WTL
### Internal Use Only

AZUBUKO v. TOWNSHIP OF BROOKLINE OF MASSACHUSETTS
Assigned to: David Frank Hamilton
Referred to: Magistrate Judge William T. Lawrence
Cause: 42:1983 Civil Rights Act

Date Filed: 12/28/2004
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**CHUKWUMA E. AZUBUKO**     represented by     **CHUKWUMA E. AZUBUKO**
P.O. Box 1351
Boston, MA 02117-1351
PRO SE

V.

**Defendant**

**TOWNSHIP OF BROOKLINE OF MASSACHUSETTS**

[Seal: SOUTHERN DISTRICT OF INDIANA — CERTIFIED A TRUE COPY — CLERK OR DEPUTY — LAURA A BRIGGS CLERK]

| Date Filed | # | Docket Text |
|---|---|---|
| 12/28/2004 | 1 | COMPLAINT against TOWNSHIP OF BROOKLINE OF MASSACHUSETTS with Jury Demand, filed by CHUKWUMA E. AZUBUKO. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4)(DH, ) (Entered: 12/28/2004) |
| 12/28/2004 | 2 | CIVIL COVER SHEET filed by Plaintiff, CHUKWUMA E. AZUBUKO. (DH, ) (Entered: 12/28/2004) |
| 12/28/2004 | 3 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction. (DH, ) (Entered: 12/28/2004) |
| 12/28/2004 | 4 | MOTION for Leave to Proceed in forma pauperis filed by Plaintiff, CHUKWUMA E. AZUBUKO. (DH, ) (Entered: 12/28/2004) |
| 01/04/2005 | 5 | CLOSED by court's ENTRY Directing TRANSFER of Action to United States District Court for the District of Massachusetts in Boston, Massachusetts. Signed by Judge David Frank Hamilton on 1/4/2005. c/m (LSC, ) (Entered: 01/04/2005) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

**ENTERED**
JAN 0 4 2005
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

CHUKWUMA E. AZUBOKO, )
)
         Plaintiff, )
vs. ) 1:04-cv-2099-DFH-WTL
)
TOWNSHIP OF BROOKLINE OF )
MASSACHUSETTS, )
)
         Defendant. )

### Entry Directing Transfer of Action

    A certain statute, 28 U.S.C. § 1406(a), provides that an action filed improperly may be dismissed or transferred to any district in which it could have been brought.

    The complaint in this civil rights action alleges that the plaintiff's federally secured rights were denied when his application for a taxi license was denied by the defendant municipality. The complaint sets forth no basis whatsoever on which it could be found that the defendant's actions subject it to the exercise of *in personam* jurisdiction in either the state or the federal courts of Indiana.

    The court concludes that in this instance the transfer of the action to the District Court of Massachusetts is appropriate.

    **It is therefore ordered** that, without ruling on the plaintiff's request to proceed *in forma pauperis*, this action is **transferred** to the United States District Court for the District of Massachusetts in Boston, Massachusetts.



DAVID F. HAMILTON, Judge
United States District Court

Date: JAN 0 4 2005

Copy to:

Chukwuma E. Azubuko
P.O. Box 1351
Boston, MA 02117-1351



SCANNED

```
                                                              CLOSED
                        U.S. District Court
              Middle District of Louisiana (Baton Rouge)

                 CIVIL DOCKET FOR CASE #: 04-CV-838

Azubuko v. Catherine H Gallaghe, et al              Filed: 11/23/04
Assigned to: Judge James J. Brady            Jury demand: Plaintiff
Demand: $0,000                               Nature of Suit:  443
Lead Docket: None                       Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 42:1983 Civil Rights Act


CHUKWUMA E. AZUBUKO                  Chukwuma E. Azubuko
     plaintiff                       #
                                     [NTC] [PRO SE]
                                     P.O. Box 1351
                                     Boston, MA 02117-1351
                                     617-265-6291


     v.


CATHERINE H GALLAGHER CO-
OPERATIVE HOUSING, C/O
Hallkeen Management Co.
     defendant


CITY OF BOSTON
     defendant
```

Docket as of January 5, 2005  3:03 pm                    Page 1 [signature/date]

```
Proceedings include all events.
3:04cv838 Azubuko v. Catherine H Gallaghe, et al                    CLOSED

11/23/04   1         COMPLAINT (elp) [Entry date 11/24/04]

11/23/04   2         MOTION  by Chukwuma E. Azubuko  to Proceed in Forma
                     Pauperis (elp) [Entry date 11/24/04]

11/23/04   --        Motion(s) referred  to Mag. Judge Docia L. Dalby : [2-1]
                     motion  to Proceed in Forma Pauperis (elp)
                     [Entry date 12/20/04]

1/5/05     3         ORDER...transferred to USDC, Massachusetts...  ( signed by
                     Mag. Judge Docia L. Dalby ), issued notices. (elp)

1/5/05     --        Interdistrict transfer  to District of Massachusetts (elp)
```

Docket as of January 5, 2005 3:03 pm                    Page 2