UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHUKWUMA AZUBUKO,                      )
                    Plaintiff,        )
                                      ) Civil Action: 05-10068-RWZ
            v.                        )
                                      )
CATHERINE H. GALLAGHER COOPERATIVE    )
HOUSING, ET AL.,                      )
                    Defendants.       )

MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed, and the plaintiff is directed to show cause

why he should not be held in contempt of this Court.

BACKGROUND

On November 23, 2004, plaintiff Chukwuma E. Azubuko, filed  an incoherent complaint in the

U.S. District Court for the Middle District of Louisiana, against various Massachusetts defendants,

alleging a violation of 42 U.S.C. §1983 when the defendants did not award him a housing unit.

Because venue was improper, the action was transferred to this District on January 5, 2005.[1]

DISCUSSION

I.      Plaintiff has a substantial history of vexatious and frivolous litigation.

Plaintiff has a lengthy history of frivolous litigation in this and other courts. These filings are

outlined in detail in Judge Saris's Memorandum and Order in Azubuko v. Commonwealth Auction

Association, 03mc10053-PBS, (12/17/03(#3)), and Azubuko v. National Magazine Exchange,

_____

[1]See Azubuko v. Catherine H. Gallagher Cooperative Housing, et al., Civil Action No.
04cv838-D-3 (Order for Transfer, docket #3).

03mc10063-PBS (12/17/03(#2)).

Since that time, plaintiff has filed additional cases in this District and others, and the Court's records indicate that plaintiff Chukwu Azubuko has filed at least twenty-two (22) cases under the name Chukwu Azubuko (or Chukwuma Azubuko) and eleven (11) cases under the name Azubuko Chukwu in this District, as well thirty actions in other courts[2].

On September 6, 1995, Chief Judge William G. Young entered an Order ("Order") in <u>Chukwu v. Registry of Motor Vehicles, et al.</u>, C.A. No. 95-11661-WGY, dismissing the action for failure to state a claim and ordering the clerk not to accept for filing any further documents tendered *pro se* by plaintiff unless certain conditions were met.  <u>See</u> Docket No. 13 (9/6/95 Order), No. 95-11661-WGY.  Additionally, on March 31, 2004, Chief Judge Young ordered that plaintiff pay to the Board of Bar Overseers $500 for its litigation efforts in <u>Azubuko v. Board of Bar Overseers of the Supreme Judicial Court</u>, C.A. 04-10192-WGY.  He further ordered a $5,000 monetary sanction against the plaintiff in light of his propensity to file frivolous lawsuits.  The sanction was suspended, however, until such time as plaintiff was found to have filed another frivolous suit, in any federal court.

Plaintiff has previously been warned by this Court that compliance with Chief Judge Young's 1995 Order was a requisite, notwithstanding actions may have been filed in another District.  <u>See Azubuku v. Commonwealth Auction Association</u>, 03mc10053-PBS (Memorandum and Order dated 12/17/03 (#3))("If plaintiff wishes to proceed with any of these actions, his motion seeking leave must

_____

[2]Several other courts have recognized plaintiff's extensive litigation history and some have also imposed filing restrictions on plaintiff.  The list of cases is detailed in Judge Saris's Memorandum and Order and need not be reiterated here.

contain a certification under oath that there is a good faith basis for their filing").

II.    <u>Plaintiff's filing violates the Order</u>.

Pursuant to the Order, the Clerk was directed not to accept for filing any further documents of the plaintiff unless 1) the document was accompanied by a motion seeking leave of court to file same; and (2) a judge of the court granted plaintiff leave to file the document. Absent compliance, the Clerk was to return the document to plaintiff.

Here, plaintiff has not complied with the conditions imposed in the Order.  He has not sought, nor has he obtained, leave to file this complaint.  Instead, he filed the case in the Middle District of Louisiana as a means to pursue the litigation and circumvent the Order, notwithstanding that his complaint involves Massachusetts defendants and alleged transactions or occurrences in Massachusetts.  Clearly, he was aware that the Middle District of Louisiana was not the appropriate forum for this dispute.  The only logical inference which can be drawn by institution of this suit in that district, was that plaintiff, in bad-faith, violated both the Orders of this Court.[3]

III.    <u>Sanctions against plaintiff are warranted</u>

A review of the complaint shows without doubt plaintiff's action is frivolous.  The filing of the complaint in the Middle District of Louisiana violates Chief Judge Young's Order, and that of Judge

---

[3]This is not the first time he has attempted to circumvent the Order. Recently, plaintiff filed cases in the Districts of Florida and Louisiana, which also involve disputes in Massachusetts and have been transferred to this District. See <u>Azubuko v. The Educational Resources Institute, Inc., et al.</u>, C.A. No. 04-12690-NMG (filed in Eastern District of Louisiana and transferred 12/27/04)(suit also names University of Massachusetts, Massachusetts Boston Municipal Court, and Massachusetts Appeals Court); and <u>Azubuko v. Urban Property Management, et al.</u>, C.A. No. 05-10066-GAO (filed in the District of Florida and transferred to this Court 1/10/05)(suit for forceful eviction).

Saris.  Accordingly, this action is dismissed in its entirety, pursuant to the Court's inherent power to impose sanctions for abuse of the judicial system.  Chambers v. NASCO, Inc., 501 U.S. 32, 49 (1991).

Additionally, the plaintiff is directed to appear at a hearing before this Court, to show cause why he should not be held in contempt of Court, for the continued abusive pattern of litigation, and for failure to comply with Chief Judge Young's 1995 Order.  A hearing will be held on **March 16,  2005 at  3:00  P.M.** in Courtroom 12, on the 5th floor. Plaintiff is directed to appear in person at the hearing, and is warned that failure to do so may result in a warrant issued for his arrest.

CONCLUSION

In light of the above, it is hereby ORDERED:

1.    Plaintiff Azubuko's complaint is dismissed in its entirety, with prejudice;

2.    Plaintiff Azubuko is Ordered to appear in person at a hearing to show cause why he should not be held in contempt of Court, on **March 16,  2005 at  3:00  P.M.** in Courtroom 12, 5th floor.

SO ORDERED.

Dated at Boston, Massachusetts, this 17th  day of  February, 2005.

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

4