**IN THE UNITED STATES' DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NUMBER: 05-10068-RWZ

AZUBUKO -
Plaintiff

versus

CATHERINE H. GALLAGHER CO-OPERATIVE HOUSING, ET AL. -
Defendants

**PLAINTIFF'S FIRST MOTION FOR RECONSIDERATION AND NULLIFICATION OF HEARING SCHEDULE ON MARCH 16TH – 2005**

The Plaintiff did receive the Court's "Memorandum And Order" dated February 17th, 2005 and postmarked self-same date on Saturday – February 19th – 2005. These would be the Plaintiff's responses to the Court's *ratio-decidendi*:

01) Whether the Complaint was in/coherent should not be an issue. Besides, it was filed with absolute *good faith*. Succinctly, "the least said the better" and "there is no taste for choice." The proceeding was in connection with failure to award lottery housing unit. The venue was not improper vis-à-vis the 11th Circuit's definition of the bases for federal court exercise of jurisdiction in the case of *Baltin v. Alaron Trading Corp.* (No. 96-5123 appealed from the United States' District Court for the Southern District of Florida (No. 96-8195-CV-KLR), Kenneth L. Ryskamp, Judge] Excerpts from it read:

"This court can conduct plenary review of subject matter jurisdiction *sua sponte. Fitzgerald v. Seaboard System R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). Indeed, this court has the obligation to inquire into subject matter jurisdiction whenever it may be lacking. *Id.* (citing *Philbrook v. Glodgett*, 421 U.S. 707, 95 S.Ct. 1893, 44 L.Ed.2d 525 (1975); *City of Kenosha, Wis. v. Bruno*, 412 U.S. 507, 511, 93 S.Ct. 222, 2225, 37 L.Ed.2d 109 (1973). See Fed. R. Civ. P. 12(h)(3).

"In a given case, a federal district court have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C Section 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. Section 1332(a). *See Klein v. Drexel Burnham Lambert*, 737 F.Supp. 319, 323

n. 11 (E.D.Pa. 1990). In this case, the district court did not have any of the three types of subject matter jurisdiction."

02) Reliance on "Plaintiff has a substantial history of vexatious and frivolous litigation" was immaterial. The Court should not control what was self-regulated – malicious prosecution. The Plaintiff never sued non-living things, but living individuals. The Plaintiff was not the father or originator of malicious prosecution. Since nobody had sued the Plaintiff on the basis of malicious prosecution, without circumlocution, there were methods to the Plaintiff's madness. The Court should let well alone. Much needed time and energy should not be canalized on immaterial issue, which had no bearings on scientific or intelligent jurisprudence. "Nobody reminds a good dog to bite." The Plaintiff was not above the law and nobody should be in a democratic dispensation. It was one of the striking edifices of democracy.

03) Nobody counted the number of breads bakers baked in a day. Nobody counted the number of doors and windows, carpenters built in a given day, et cetera. Why should the number of the cases the Plaintiff filed be counted? That qualified for violation of the anti-trust (law). The cases met the ripeness criterion. The Plaintiff challenged the Defendant/s individually or collectively to commence malicious prosecution action/s against the Plaintiff. If nobody had done that, it qualified for judicial *nonsequitur* for much-needed time be expended harping on vexatious and frivolous these and those. What was/were the benchmark/s for vexatious and frivolous litigation?

04) On Judge Young's Order of September 6th, 1995 the Plaintiff presently had nothing to say than association of it with illegality and unconstitutionality. No sane wo/man should restrict access to court. The world wished that Osama bin Laden had used the court instead of being conspirator to use planes to commit genocide on September 11th – 2001. "The world is headless." Violence would be condemned and peaceable measures painted with the same brush. Restriction of access to court was vulturic and unlawful. [*Harrison v. Springdale Water & Sewer Com.* (1986, CA8 Ark) 780 F2d 1422; *Armstead v. Pingree* (1986, MD Fla) 629 F Supp 273]

05) On *Azubuko v. Board of Bar Overseers of the Supreme Judicial Court*, Civil Action 04-10192-WGY, the Plaintiff would only say thus "When one elects to be a liar, s/he will be missing her/his things." In that case, it was dismissed for lack of

jurisdiction. In February 2004 the self-same righteous Judge presided over a case, which featured self-same Defendant. The law hinged not on *proportionate* or *fractional*, but *Equal Protection Clause/s*. Was the judicial condescension or deceit if not Iscariotic not tantamount to *perjury* and *treason*? Was an oath of office sworn to uphold the Law and Constitution of the United States, at all material times? [Exhibit 1] Well, "s/he who elects to pee on her/his bed will always sleep on the floor." [Proverb] The truth could be tested! In that regard, Judge Young enjoyed no modicum of *judicial immunity*. He violated the law irrationally and mountainously. [28 USC Sections 1346(b) 1982, 1357 and 1361; 42 USC Sections 1981, 1983, 1985(3), 1986 and 1994]

06) More, Azubuko aspired not to be Entertainer Chris Rock, but racism and jurisprudence were proverbial in the United States. They should be discussed without shame and it could trigger off modifications: the prevalence of that would be salubrious and utilitarianistic. Jurisprudence pulverization mentality would not be a panacea. Central to the hypocritical administration of justice, it would be unreasonable and preposterous to enforce any law against the Plaintiff. Judge Young knowingly failed and should resign if he had modicum sense of *intellectual humility* and *intellectual courage*. "He eats with the spoon and forgets those eating with their hands." [Proverb] Again, it typified moral bankruptcy and insanity to deprive anyone direct-access to court. The Plaintiff manifested no *diminished responsibilities* to <u>underscore</u> the so-called Judge Young's unbidden or officious jurisprudence handholding. Azubuko could procure sufficient rather adequate judicial tapioca for himself whether his mother was present in the market or not. The Plaintiff's stance was not simple! Besides, "the nose has been in the face." Where else would it be? It would be advantageous to note that the Plaintiff was superlatively qualified to be a judge too by local, national and international standards, in all modesty. It would be crassly immoral to expect the Plaintiff to be a moronic consumer of legal service. In that respect, there existed no monopoly to legal critical and creative thinkings. Of course, precious time individually and collectively should not be wasted under the color of judicial apples polishing. They should be washed and masticated.

07) Reiteratively, the Plaintiff needed nobody to certify anything for him prior to commencement of any proceeding. The person who expected the Plaintiff to do so

should equally come to the Plaintiff for certification of his/her Complaint. Was it above the board measure? Of course, NO! Therefore, it meant discrimination – the Plaintiff was not treated in the self-same manners with those whom he was similar situated. Only a wo/man who belonged to Bedlam would respect an unjust law. The Plaintiff's First Amendment rights were starkly pulverized with equanimity. An oath, for what? At all times, the Plaintiff operated with maximum rather optimum good faith. The Plaintiff was not as black as painted.

08) On "Plaintiff's filing violates the Order" was killed vis-à-vis Exhibit 1 amongst others. The Court should refrain from crying for the legal moon or judicial or legal impossibility. The Plaintiff's Order compliance expectation lent itself to prostitution of much needed time and energy.

09) The invaluability of *Equal Protection* and *Due Process Clauses* meant nothing to Judge Young as far as the interests of the Plaintiff were concerned. The filing at the Middle District of Louisiana was squarely in keeping with the law. The said Court had roundly jurisdiction over the case, but dubiously elected to transfer the case as a *legal convenient shorthand.* [Fed. R. Civ. P. 4 (e), (i) and (k); Article III (Section 2); 28 USC Section 1331] The Plaintiff was not crying for any judicial moon. Therefore, could the Court leave well alone? Again, the Middle District of Louisiana had irrefutable jurisdiction over the case and association of the filing there with bad faith was palpably incongruous and unfair.

10) On "Sanction against plaintiff are warranted," the Plaintiff vehemently opposed the measure vis-à-vis Exhibit 1. Besides Exhibit 1, one more scores than one, there existed law, which thwarted the Court's sanction propensity. "No sane wo/man kills for nothing." The Judges should refrain from controlling what the law had controlled! There existed little or no time for polishing the apple and washing the eyes under the color of jurisprudence. Nobody could go far by walking with the back. Historically, the Plaintiff was not allergic to justice as the Court thought. By and large, the Court had [knowingly] wobbled over the Plaintiff's cases irrespective of consideration resoundingly controlling law. That was unfair, Sadam-Hussienistic and Talibanistic! The Court should feel its ears burning! Indeed, it would be ironical for others to smile mechanically at others' funerals and the unprincipled individuals refrained

from doing so when it became their relatives' funerals. That had been one of the darkest sides of "man," from time immemorial. Nonetheless, "If God slept one eye would be opened." ""Man" and not God will be guilty."

11) Central to Exhibit 1, the Plaintiff effusively prayed the Court to nullify the hearing scheduled on March 16th – 2005 at 3.00 P.M. The evidence spoke for itself. "Guardians are guarded" lent itself to the matter in question. Judge Zobel would not be Judge Young. He could sit down with his buttocks! The handholding methodology should stop! If Judge Young felt that his Order had been breached or violated and he had the moral authority to know the rationale/s for the violation, then, let him order the Plaintiff to appear before him. "Sin/s cause distinction amongst "mankind." Judge Young should conduct himself like Adam in the Garden of Eden when God called "Adam, Adam, where are you?" The evidence spoke for itself.

12) The ugly state of things warranted the Plaintiff's referral of the Court to a couple of chapters in the Original King James' Bible, despite the Plaintiff's awareness of religious pluralism the world over. It could be read from literary or spiritual viewpoints. Excerpts read thus:

"Wherefore putting away lying, speak every man truth with his neighbor: for we are members one of another." [Ephesians 4:25]

"But the wisdom that is from above is first pure, then peaceable, gentle, and easy to be intreated, full of mercy and good fruits, without partiality, and without hypocrisy." [James 3:17]

**CONCLUSION**

The Plaintiff was entitled for "Equal Protection and Due Process Clauses! The insidious and invidious denial of them to the Plaintiff when material typified abuse of discretion and flippancy of the law. The Plaintiff prayed the Court to deal with the motion/s as a matter of urgency. No sane "man" would address himself to mouse chasing, when he had other socio-economic issues thunderously crying for attention. The Court scheduled hearing on March 16th, 2005 at 3.00 P.M should be recanted expeditiously. The Plaintiff considered it as an intentional prostitution of time and energy vis-à-vis Exhibit 1. Judge Young miscalculated and danced nakedly. The Court should not expose him to further humiliation. Prior to the Plaintiff's finding of **Exhibit 1**, the Plaintiff emphatically said before Judge Young at the Harvard's Law School in

March 2004 that his Order was unconstitutional and unworthy of respect. "One should not take unconscionable advantages of others' children, because no one would be buried with her/his child/ren when seasonable." "The world is complex and s/he who is advice should listen." If the Court would listen, it would hear the voice of the Plaintiff. Taking everything into account, one should not be under the impression that *primogeniture* law was adopted to allocate an inherited property. The world had been likened to paw-paw! Why? Perhaps, "man" with his a little knowledge rivaled with his Creator transiently or like bread on top of water. It could be aimed at usurpation of his Creator's omnipotence.

Respectfully submitted on Saturday – February 19th – 2005

CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone Number: (617) 265 6291.

**CERTIFICATE OF SERVICE**

Consequent upon the Court's preemptive or partial handling of the case, the Plaintiff did not deem it judicious to serve the Defendants.

CHUKWUMA E. AZUBUKO,
Pro Se.

*Barb Continues the War Against the Bar*
*Barb Sued the BBO et al*
*[Board of Bar Overseers and others]*
~~~~~~~~~~
*Barb's Brief Asserting That Neither Quasi-judicial*
*Nor Quasi-prosecutorial Immunity*
*Is Applicable*
~~~~~~~~~~
*and*
~~~~~~~~~~
*Barb's Opposition to Defendants' Further Motion to Dismiss*
~~~~~~~~~~
*and*
~~~~~~~~~~
*Motion to Reconsider Dismissal of Counts 1-6, Which Seek Declaratory Judgments*
*(Court has CLEAR subject-matter jurisdiction. Judge did not realize that!!!)*

*Chief Justice William Young ruled that the Eleventh Amendment did not apply to Barb's §1983 claims for money damages.*

*But Barb was not out of the woods yet!*
*The judge, sua sponte, brought up the issues of immunity.*
*He gave Barb and the Defendants until March 17th, St. Patty's Day,*
*the opportunity to brief*
*the issues of quasi-judicial and quasi-prosecutorial immunity.*

**ORDER**

YOUNG, C.J. February 25, 2004

Upon further reflection, the Court notes that its February 24, 2004 order from the bench failed to dispose of certain of the Plaintiff's claims. In particular, Claims 7 through 9, insofar as they seek money damages against Defendants Carpenter, Phillips, and Crane in their individual capacities, are not barred by Eleventh Amendment immunity. These are federal civil rights claims that fall squarely within this Court's subject matter jurisdiction.
~~~~~~~~~~

While it would appear that these defendants may be absolutely immune from liability under the respective doctrines of quasi-judicial and quasi-prosecutorial immunity, neither party has briefed nor raised these defenses.

The Court, therefore, accords all parties twenty days to brief the issue, should they choose to do so. Briefs shall be submitted on or before March 17, 2004. In all other respects, the court's February 24, 2004 ruling is undisturbed.

SO ORDERED.

WILLIAM G. YOUNG
CHIEF JUDGE

*When finished, Barb's brief was long.*
*Thankfully the judge allowed the*
*motion for leave to file a pleading in excess of 20 pages.*
*According to his clerk, it is something he never does!*

*The Defendants have not written a brief on the*
*the issues of quasi-judicial and quasi-prosecutorial immunity.*
*Instead, they filed a Further Motion to Dismiss, a one-pager saying absolute judicial immunity applied.*

*Not only are the brief and opposition HERE below,*
*the originals are available to the public through PACER . . .*

*because Barb, using the latest technology,*
*filed both her brief and her opposition to their motion electronically!!*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION: 03-CV-12314-

**Barbara C. Johnson, Esq.**
Plaintiff
v.
**Board of Bar Overseers of Massachusetts,**
**M. Ellen Carpenter, Esq.**, in her individual and professional capacities,
including her capacity as Chair of the Board of Bar Overseers,