IN THE UNITED STATES' DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AZUBUKO -
   Plaintiff

vs.

CATHERINE H. GALLAGHER COPERATIVE
HOUSING, ET AL. -
   Defendants

CIVIL ACTION NUMBER:
05-10068-RWZ

**PLAINTIFF'S FIRST MOTION FOR RECONSIDERATION**

The Plaintiff had received the Court's Order vis-à-vis the above-captioned case and deemed it intelligent to act in keeping with the head thus.

01) Of course, "Homer, sometimes, nods." Importantly, the Plaintiff's complaints were not frivolous. If they were frivolous, the Plaintiff had never been ordered to pay for malicious prosecution. The Plaintiff would superlatively proved not on the balance of probabilities, but beyond any reasonable doubt that they were not as black as painted before God, let alone mankind.

02) Chief Judge Young order or restriction of the Plaintiff's access to court/s was diametrically unconstitutional and in stark violation of legal ethics. What in the world motivated Chief Judge Young to preside over the case? He was flatly disqualified central to conflict of interest. Chief Judge Young was a Judge in Massachusetts before he became a federal Judge. The case, which triggered off the dubious and unintelligent order of 1995 associated with the Registry of Motor Vehicles. More, the restrictive measure or the submission requirement for approval was in violation of the Plaintiff's First Amendment right. [*Elrod v. Burns*, 427 U.S. 347, 360 (1976); Akbar court martial at Ft. Bragg saga] There existed no judicial immunity for blatant suppression of the law.

Thinkings should be distinguished from feelings in that regard! The judiciary interpreted the law and not law-making and that typified the legislature ouster.

03)    On the Plaintiff's arrest warrant issuance and the arrest, the Plaintiff unlawful and unfair. It should not be forgotten that the Plaintiff had open motion with theCourt until tomorrow. Of course, it had been trivialized. Burger King's administration of justice! It should not be so! "The Guardians are guarded." Reiteratively, the arrest was unlawful and bottomlessly unintelligent. There existed other options, which were unexhausted. "Well, a midget has been defeated in a wrestling and s/he has to count her/his teeth with her/his tongue." [Proverb]

04)    There was nothing complex, in any shape or form about the hearing. The fact remained that the "submission requirement order" was unconstitutional and slavish. It was equally preposterous and unintelligent. Consequently, the Plaintiff elected to make the motion for the Court to engage on self-correction. Even in SOWETO, that never existed at the peak of the then apartheid South Africa. If one knew not, her/his kins-wo/men would teach her/him." [Proverb] The Court should not go with the stream. The restriction of access to court was self-controlled. The Court should not elect to flogging a dead horse. In essence, what the Court aimed at controlling had been controlled by the common law thus commencement of malicious prosecution.

05)    The transfer of the Plaintiff's case to the Massachusetts' District Court was not the fault of the Plaintiff. By and large, the transfer itself was negligent! [28 USC Section 1346(b)] It equally culminated into injury of law. [28 USC Section 1357] The Plaintiff was not the father or author of the Fed. R. Civ. P. 4, which provided for "national and worldwide contacts" jurisdiction. Consciously, the Court had elected to act in violation of the law, therefore, it had no moral authority over the case. Any federal court could exercise jurisdiction over any case. [Federal Judicial Act of 1789; Article III (Section 2); 28 USC Sections 1651 and 2201] Chief Judge Young and Judge Saris knew about that! The Plaintiff needed no motion for leave to file any suit. The Plaintiff was not and would not be a moronic man, so much so that the Court would condemn the Plaintiff to the slavish standards. It was insidious and invidious. Judge Zobel should feel her ears burning! It would not be intelligent to cause one to be homeless and at the same time deprived one the choice of taking up residence in the street. Besides, the 11th Circuit

in the case of *Baltin v. Alaron Trading Corp.*, No. 96-5123 specified the bases for federal courts' exercise of jurisdiction, thus:

> "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 USC Section 1331; or (3) diversity jurisdiction pursuant to 28 USC Section 1332(a). *See Klein v. Drexel Burnham Lambert*, 737 F.Supp. 319, 323 n. 11 (E.D.Pa. 1990). In this case, the district court did not have any of the three types of subject matter jurisdiction."

06) On the case itself, the Plaintiff would only say that the dismissal typified knowingly deprivation of Equal Protection and Due Process Clauses. More, the Plaintiff requested for jury trial on the case. Why should the demand be vitiated without moral qualm? What qualified others for jury trial and disqualified the Plaintiff from should an entitlement? Could the case be jury tried and that would be a decisive avenue for determination of frivolous or not. Reality construction should not be regarded as a law. Jurisprudence should hinge on facts and the law and not individuals' whimsicalities. If that prevailed, it would be Saddam Hussienistic and Abu Ghareib-like. The Court knowingly shammed ignorance of Chief Judge Young's roles in the case of *Azubuko v. Supreme Judicial Court of Massachusetts* (clippings omitted). On the case, Chief Judge Young condescension made him looked like a salt, which had lost its taste forever. If a Chief Judge would not be trusted with the neutral interpretation of the law, then, who should be trusted? What a shame! Adam, Adam, where are you? The response was explicit – "I am naked."

07) The ruling lacked the doctrine of "strict necessity" and associated with "the doctrine of clear mistake." An excerpt in relationship to the ruling read, thus:

> "The common denominator of all these maxims of prudence is the concept of judicial restrain, of judge's restrain. "We do not sit," said Justice Frankfurter, "like kadi under a tree, dispensing justice according to considerations of individual expediency." [A] jurist is not to innovate at pleasure, "wrote Justice Cardozo. "He is not a knight-errant, roaming at will in pursuit of his own ideal of beauty or goodness. He is to draw his inspiration from consecrated principles. He is not to yield to spasmodic sentiment, to vague and unregulated benevolence. He is to exercise a discretion informed by tradition, methodized by analogy, disciplined by system, and subordinated to the primordial necessity of order in the social life." All justices will, of course, claim adherence to proper restrain, but in some cases at least, such as Justice Frankfurter's dissent in the Flag Salute Case, the practice can be readily observed. The degree, however, of restraint, the

degree to which legislative enactments should be subjected to judicial scrutiny, is a matter of uncertain and shifting opinion."

## CONCLUSION

The Plaintiff despite the judicial harassment would not close his eye at his constitutional rights. The Plaintiff had given the Court an opportunity for self-correction and if it were not capitalized from, the Plaintiff would certainly embark upon other legal measures. The law about what the Court angled at was not confusing, at all. Hopefully, "justice will be done and be seen to be done." Now the case had been within the control of the Court, the Court should act in keeping with the law and morality. Intimidation would never be the law and a sane wo/man should not be ignorant of tomorrow. When seasonable, the Plaintiff would appeal the case. The Plaintiff presently deemed it intelligent to exhaust a few more motions. It would be intelligent for one to hold tenaciously to her/his portfolio and claimed to engage on a burial. "What affects the nose affects the eyes" and "what is good is good and what is bad is bad."

Respectfully submitted from Boston, Massachusetts on Monday – May 16th – 2005.

_____
CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

## CERTIFICATE OF SERVICE

The Plaintiff did not serve the Defendants with the head owing to the propensity to deprive the Plaintiff Equal Protection and Due Process Clauses on the case.

_____
CHUKWUMA E. AZUBUKO,
Pro Se.